IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DERRICK TOOMER,　　　　　　　　　＊

　　Petitioner　　　　　　　　　　　＊

　　　　v　　　　　　　　　　　　　＊　　　Civil Action No. DKC-18-1252

DAYENA M. CORCORAN, *et al.*,　　　＊

　　Respondents　　　　　　　　　　＊
　　　　　　　　　　　　　　　*******

## MEMORANDUM OPINION

Derrick Toomer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his confinement at Roxbury Correctional Institution. ECF No. 1. Respondent moves to dismiss the petition on the basis that Toomer failed to exhaust his claim in state court prior to instituting this case. ECF No. 6. Petitioner has replied. ECF No. 9. For the reasons to follow, the petition will be DENIED and DISMISSED without prejudice.

**Background**

Toomer, a State inmate, indicates that Maryland Division of Correction employees have failed to apply the correct number of diminution of confinement credits toward his term of confinement and have failed to compute his sentence properly.[1] ECF No. 1.

Petitioner was committed to the custody of the Commissioner of Correction by the Circuit Court for Baltimore City on January 9, 2017, in case number 104268054. ECF No. 6-1. He was sentenced to serve two concurrent 12 year terms of confinement, both beginning on November 19,

---

[1] On May 10, 2018, Respondents were directed to respond to the Petition within 40 days. ECF No. 2. Respondents did not respond to the petition until July 20, 2018. ECF No. 6. On July 5, 2018, in light of Respondents' lack of response, Petitioner field a motion for default. ECF No. 4. Petitioner has not been prejudiced by Respondents' brief delay in responding to the petition and the motion will be denied.

2008, for the "execution for previously suspended sentence[s] after [Petitioner] was found in violation of probation." *Id*. The result of the proceeding was a term of confinement with a start date of November 19, 2008, and a maximum expiration date of November 19, 2020. *See* Md. Code Ann., Corr. Servs. § 3-701-(2)(i) (defining term of confinement as "the period from the first day of the sentences that begins first through the last day of the sentence that ends last, for. . . concurrent sentences"); Md. Code Regs. 12.02.06.01(B)(12) (defining maximum expiration date as "the date that an inmate's term of confinement expires"); *see also* ECF No. 6-2 (sentence calculation worksheet).

Petitioner was sentenced by the Circuit Court for Baltimore City to a 40 year term of confinement with all but 12 years suspended on January 11, 2017, in case number 111196014. ECF No. 6-3. The sentence was to commence on May 27, 2011, and to run concurrent to any other outstanding sentences. *Id*. As a result of this sentence, Petitioner's maximum expiration date was extended to May 27, 2023. ECF No. 6-2; Md. Code Ann., Corr. Servs. § 3-701-(2)(ii) (defining term of confinement as "the period from the first day of the sentence that begins first through the last day of the sentence that ends last, for . . . partially concurrent sentences").

Pursuant to Md. Code Ann., Corr. Servs. §§ 3-701-711, Petitioner has been awarded 1,224 diminution of confinement credits. ECF No. 6-5. After subtracting the diminution credits from Petitioner's May 27, 2023 maximum expiration date, Petitioner's anticipated mandatory supervision release date is January 17, 2020. *Id*. at p. 1.[2]

Petitioner has filed neither a petition for writ of habeas corpus in any Maryland circuit court nor a grievance regarding his claim with the Inmate Grievance Office. ECF No. 1.

---

[2] Petitioner's release date is expressed as January 17, 2020, on page one of the exhibit and as January 19, 2020, on page two of the exhibit. ECF No. 6-5.

**Analysis**

Assuming Petitioner has presented a federal question here, his petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. § 2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment).  Thus, before seeking federal habeas corpus relief, Petitioner must exhaust each claim presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U.S. 509, 521 (1982).  Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  Exhaustion includes appellate review in the Court of Special Appeals of Maryland and, where appropriate, the Court of Appeals of Maryland.  *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Petitioner may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies.  He may file a grievance with the Inmate Grievance Office. *See generally Adamson v. Corr. Med. Servs., Inc.,* 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a).  If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge.  *Id*. at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking

in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id*. at § 10-210(b)(2). Petitioner may thereafter seek review in the Court of Special Appeals of Maryland by application for leave to appeal, *id*. at § 10-210(c)(2), and, if the Court of Special Appeals of Maryland grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Court of Appeals of Maryland by petition for writ of *certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Furthermore, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997) (abrogated on other grounds by *Moats v. Scott*, 751 A. 2d 462 (Md. 2000)). The inmate may appeal a circuit court's decision denying habeas corpus relief to the Court of Special Appeals of Maryland and may thereafter seek *certiorari* in the Court of Appeals of Maryland. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004).

There is no indication that Petitioner has made any effort to exhaust his administrative or state judicial remedies. This court may not entertain the issues presented in the petition while the Maryland courts have not had the opportunity to review fully the claims raised.

Accordingly, the habeas corpus relief requested will be denied without prejudice and dismissed as unexhausted.[3]  A separate Order follows.[4]

December  6, 2018                                        /s/
                                           DEBORAH K. CHASANOW
                                           United States District Judge

---

[3]  In light of the foregoing, Petitioner's motion for temporary restraining order (ECF No. 13), wherein he seeks the same relief requested in the original petition, will be denied.

[4]  Petitioner is advised that should he exhaust his state administrative and judicial remedies and seek to raise these same issues before this court, the petition will be construed and docketed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th. Cir. 2016).  Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the execution of a sentence and must be raised in a § 2254 petition.  Petitioner is reminded that the statutory requirements that apply to § 2254 petitions include a one-year limitations period, an exhaustion requirement, and a procedural pre-filing restriction on second or successive petitions.